NOONAN, Circuit Judge,
dissenting:
The California Court of Appeal stated the correct principles, but decided the case contrary to the federal constitution as decided by the Supreme Court. The California Court of Appeal did so by its illogical reasoning. The court made two errors of logic:
(1) It held that if a defendant pleaded, the defendant could not attack his plea on the basis of incompetence.
(2) It held that if the defendant was competent to plead, then the defendant was competent to waive other constitutional rights.
Both propositions are contrary to federal law as stated by the Supreme Court.
Summarizing its own holdings, the Supreme Court stated in Godinez v. Moran, 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993):
A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the *540 waiver of his constitutional rights is knowing and voluntary. Park [Parke ] v. Raley, 506 U.S. 20, 28-29 [113 S.Ct. 517, 121 L.Ed.2d 391] (1992) (guilty plea); Faretta [v. California 1 supra [422 U.S. 806] at 835 [95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ] (waiver of counsel).
As found by both the California Superior Court and by the federal magistrate, Gregory was not competent to plead or to waive his constitutional rights. His conviction should not stand.